IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. EIFFERT,
TERRI L. EIFFERT,

    Plaintiffs,

vs.

JP MORGAN CHASE BANK,
N.A., et al.,

    Defendants.

No. CIV S-09-1264 WBS EFB PS

ORDER AND ORDER TO SHOW CAUSE

Plaintiffs are proceeding *pro se* in this action, which was referred to the undersigned pursuant to Local Rule 72-302(c)(21). On May 19, 2009, defendant JP Morgan Chase Bank, N.A., filed an amended motion to dismiss, and noticed the matter for hearing on June 24, 2009, before the undersigned.

Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be filed fourteen days preceding the noticed hearing date. Plaintiffs have filed neither an opposition or statement of non-opposition to the motion. Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

////

Local Rule 83-183, governing persons appearing *in propria persona*, provides that failure to comply with the Federal Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Finally, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of June 24, 2009, is vacated. Hearing on defendant's motion is continued to July 22, 2009, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiffs shall show cause, in writing, no later than July 8, 2009, why sanctions should not be imposed for failure timely to file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiffs are directed to file an opposition, if any, to the motion, or a statement of non-opposition thereto, no later than July 8, 2009. Failure to file an opposition and appear at hearing will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

SO ORDERED.

DATED: June 16, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE