IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. EIFFERT,
TERRI L. EIFFERT,

    Plaintiffs,

vs.

J.P. MORGAN CHASE BANK,
N.A., et al.,

    Defendants.
_____/

No. CIV S-09-1264 WBS EFB PS

ORDER AND FINDINGS
AND RECOMMENDATIONS

This action, which challenges the foreclosure and sale of plaintiffs' property by J.P. Morgan Chase Bank d/b/a Washington Mutual (hereafter "J.P. Morgan"), was filed in Placer County Superior Court on April 14, 2009, and removed to this court on May 7, 2009, by J.P. Morgan. The subject property was sold at foreclosure sale to J.P. Morgan on January 19, 2009. Dckt. No. 2-3, at p. 34. The matter is currently before the court on Defendant J.P. Morgan's motion to dismiss filed May 18, 2009.[1] In violation of the court's local rules, plaintiffs have

---

[1] The motion is based on the following grounds (Dckt. No. 7, at pp. 2-3):

1. Plaintiffs' first claim for violation of the Trust in Lending Act fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
2. Plaintiffs' second claim for violation of the Real Estate Settlement Procedures Act fails to state facts sufficient to constitute a claim for relief pursuant to FRCP

failed to file an opposition or statement of non-opposition to the motion. Neither have they filed with the court a notice of change of address that would suggest they did not receive defendant's motion.[2]

On June 16, 2009, this court ordered plaintiffs to show cause, on or before July 8, 2009, why sanctions should not be imposed due to plaintiffs' failure to respond to the pending motion to dismiss. Plaintiffs were also directed to file an opposition to the motion, or a statement of non-opposition, no later than July 8, 2009. The original hearing date of June 22, 2009 was continued to July 22, 2009, to permit plaintiffs adequate time to respond.

////

////

---

12(b)(6).
3. Plaintiffs' third claim to for violation of Home Ownership and Equity Protection Act of 1994 fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
4. Plaintiffs' fourth claim for violation of the Fair Debt Collection Practices Act fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
5. Plaintiffs' fifth claim for "Breach of Fiduciary Duty" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
6. Plaintiffs' sixth claim for "Breach of the Covenant of Good Faith and Fair Dealing" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
7. Plaintiffs' seventh claim for "Injunctive Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
8. Plaintiffs' eighth claim for "Injunctive Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
9. Plaintiffs' ninth claim for "Declaratory Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
10. Plaintiffs' tenth claim for "Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
11. Plaintiffs' eleventh claim for "Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
12. Plaintiffs' twelfth claim to "Set Aside a Defective Foreclosure" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).
13. Plaintiffs' thirteenth claim to "Set Aside a Defective Sale" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

[2] Plaintiffs are obliged to keep the court apprised of their address. *See* Local Rule 83-183(b) ("a party, appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address").

2

1  The July 8, 2009 deadline has expired, and plaintiffs have not shown cause or otherwise
2  responded to the court's order

3  As the court explained in its last order, plaintiffs' failure to further participate in this
4  action warrants its dismissal. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal of an action "[i]f
5  the plaintiff fails to prosecute or to comply with these rules or a court order . . ."); *see also* E. D.
6  Cal. L. R. 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order
7  of the Court may be grounds for imposition by the Court of any and all sanctions authorized by
8  statute or Rule or within the inherent power of the Court."). Plaintiffs' *pro se* status does not
9  derogate this authority. *See* E. D. Cal. L. R. 83-183 ("Any individual representing himself or
10 herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by
11 these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals
12 appearing *in propria persona*. Failure to comply therewith may be ground for dismissal,
13 judgment by default, or any other sanction appropriate under these Rules.").

14 Plaintiffs were previously admonished that, notwithstanding their status as *pro se*
15 litigants, they must comply with the local rules and the Federal Rules of Civil Procedure. The
16 order to show cause expressly warned that the failure to comply with the order and respond to
17 the motion to dismiss would result in a recommendation that this action be dismissed. The time
18 for responding to that order has expired, and plaintiffs have failed to file any response. It
19 appears that plaintiffs have abandoned the case. Accordingly, the court finds that this action
20 should be dismissed for lack of prosecution as well as the plaintiffs' failure to comply with the
21 court's order filed June 16, 2009, and their violation of Local Rule 78-230(c). *See* Fed. R. Civ.
22 P. 41(b), and 16(f)(C); Local Rule 11-110.

23 Accordingly, it is hereby ORDERED that the July 22, 2009 hearing is vacated.

24 Further, it is hereby RECOMMENDED that this action be dismissed in its entirety, based
25 on plaintiffs' failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with the federal
26 and local rules of court, and the court's previous order, Fed. R. Civ. P. 16(f)(C); E. D. Cal. L. R.

1  11-110.

2      These findings and recommendations are submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after
4  being served with these findings and recommendations, any party may file written objections
5  with the court and serve a copy on all parties.  Such a document should be captioned "Objections
6  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
7  specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158
8  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

9  DATED: July 21, 2009.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE